# In the United States Court of Federal Claims
**OFFICE OF SPECIAL MASTERS**
No. 14-73
Filed: May 15, 2015

| | |
|---|---|
| * * * * * * * * * * * * * * * * * * * * * * * | UNPUBLISHED |
| THOMAS HOPKINS, * | |
| * | Special Master Hamilton-Fieldman |
| Petitioner, * | |
| v. * | Attorneys' Fees and Costs; Reasonable |
| * | Amount Requested to which Respondent |
| SECRETARY OF HEALTH * | Does Not Object. |
| AND HUMAN SERVICES, * | |
| * | |
| Respondent. * | |
| * * * * * * * * * * * * * * * * * * * * * * * | |

<u>Ronald Craig Homer</u>, Conway, Homer & Chin-Caplan, P.C., Boston, MA, for Petitioner.
<u>Claudia Gangi</u>, United States Department of Justice, Washington, DC, for Respondent.

## DECISION[1]

On January 27, 2014, Thomas Hopkins ("Petitioner") filed a petition pursuant to the National Vaccine Injury Compensation Program.[2] 42 U.S.C. §§ 300aa-1 to -34 (2006). Petitioner alleged that he suffered from chronic inflammatory demyelinating polyneuropathy ("CIDP") as a result of the administration of an influenza ("flu") vaccine on September 22, 2011. On January 5, 2015, the undersigned issued a decision awarding compensation to Petitioner.

On May 15, 2015, Respondent filed a Stipulation of Facts Concerning Attorneys' Fees and Costs. Pursuant to their Stipulation, the parties have agreed to an award of $17,999.50 in attorneys' fees and costs. In accordance with General Order Number 9, Petitioner and his counsel represent that Petitioner personally incurred costs in the amount of $4.91. *See* Petitioner and Counsel Statement, filed May 14, 2015.

---

[1] The undersigned intends to post this unpublished decision on the United States Court of Federal Claims' website, in accordance with the E-Government Act of 2002, Pub. L. No. 107 347, § 205, 116 Stat. 2899, 2913 (codified as amended at 44 U.S.C. § 3501 note (2006)). As provided by Vaccine Rule 18(b), each party has 14 days within which to file a motion for redaction "of any information furnished by that party (1) that is trade secret or commercial or financial information and is privileged or confidential, or (2) that are medical files and similar files the disclosure of which would constitute a clearly unwarranted invasion of privacy." In the absence of such motion, the entire decision will be available to the public. *Id.*

[2] The National Vaccine Injury Compensation Program is set forth in Part 2 of the National Childhood Vaccine Injury Act of 1986, Pub. L. No. 99-660, 100 Stat. 3755, codified as amended, 42 U.S.C. §§ 300aa-1 to -34 (2006) (Vaccine Act or the Act). All citations in this decision to individual sections of the Vaccine Act are to 42 U.S.C.A. § 300aa.

      The undersigned finds that this petition was brought in good faith and that there existed a reasonable basis for the claim.  Therefore, an award for fees and costs is appropriate, pursuant to 42 U.S.C. § 300aa-15(b) and (e)(1).  Further, the proposed amounts seem reasonable and appropriate.  **Accordingly, the undersigned hereby awards the amount of $17,999.50, in the form of a check made payable jointly to Petitioner and Petitioner's counsel, Ronald Homer, of the law firm of Conway, Homer & Chin-Caplan, P.C.  The undersigned also awards the amount of $4.91, in the form of a check made payable solely to Petitioner.**

      In the absence of a motion for review filed pursuant to RCFC Appendix B, the clerk of the court **SHALL ENTER JUDGMENT** in accordance with the terms of the parties' stipulation.[3]

      **IT IS SO ORDERED.**

      /s/ Lisa D. Hamilton-Fieldman
Lisa D. Hamilton-Fieldman
Special Master

---

[3] Pursuant to Vaccine Rule 11(a), entry of judgment is expedited by the parties' joint filing of notice renouncing the right to seek review.